# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BENITEZ, | 1:08-cv-00654 LJO DLB HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| v. | [Doc. 1] |
| KATHY MENDOZA-POWERS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on May 8, 2008, and challenges the Board of Parole Hearings' 2005 decision finding him unsuitable for release. (Court Doc. 1.)  Respondent filed an answer to the petition on September 8, 2008, and Petitioner filed a traverse on October 8, 2008.  (Court Doc. 10, 12.)

The Court takes judicial notice of the proceedings in a prior petition for writ of habeas corpus filed by Petitioner in this Court, case number 1:06-cv-00142-LJO SMS (HC) Benitez v. Rawers[1] There, Petitioner challenged a prior the Governor's 2003 decision,[2] and Respondent submitted evidence that subsequent to Petitioner's release on parole on April 9, 2009, Petitioner was removed from the United States by the Immigration and Customs Enforcement agency. (1:06-cv-00142-LJO-SMS (HC), Court Document No. 36, Notice of Removal.)  Therefore, the Petition for Writ of habeas Corpus in 1:06-cv-00142 LJO SMS HC was dismissed as moot on

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

[2] Petitioner's inmate number (C-34789) is the same in both actions.

1    April 9, 2010.  (Id. at Court Docs. 37-38.)

2         For the same reasons the instant Petition is also MOOT.  The case or controversy
3    requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear
4    moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983);
5    NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case
6    becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally
7    cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183
8    (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of
9    the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971)
10   *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-
11   464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have
12   suffered some actual injury that can be redressed by a favorable judicial decision."  Iron Arrow,
13   464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96
14   S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.  Because Petitioner has
15   been removed from the United States, the instant challenge to the Board's 2005 decision finding
16   him unsuitable for release on parole is MOOT because he has been removed from the United
17   States.[3]

18        Accordingly, IT IS HEREBY ORDERED that:
19   1.   The Petition for Writ of Habeas Corpus is DISMISSED as MOOT; and
20   2.   The Clerk of Court is directed to terminate this action in its entirety.
21   IT IS SO ORDERED.
22   **Dated:   April 14, 2010**              **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

---

28   [3] Petitioner was released from custody on April 9, 2009 to a 5-year determinate term, and subsequently deported to Mexico.  (1:06-cv-00142 LJO SMS (HC) Court Docs. 30, 36 .)

2